UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GEORGE POOLE,                )
                             )
            Petitioner,      )
                             )
      v.                     )    No. 4:04CV1811 FRB
                             )
GENE STUBBLEFIELD,           )
                             )
            Respondent.      )

**MEMORANDUM AND ORDER**

      This matter is before the Court on the pro se petition of George Poole for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

      On September 1, 2004, a jury in the Circuit Court of the City of St. Louis, Missouri, found petitioner guilty of Trespass First Degree, a Class B Misdemeanor. Petitioner was sentenced on September 27, 2004, to six months' imprisonment, with credit for time previously served on the offense. (Petn., Exh. I.) On December 15, 2004, the Missouri Court of Appeals denied petitioner's request to file a late notice of appeal. (Petn., Exh. K-11.)

      Petitioner filed the instant petition for writ of habeas corpus in this Court on December 29, 2004, at which time he was incarcerated at the Medium Security Institution in St. Louis, Missouri. The six-month sentence imposed upon petitioner has

expired since the filing of the petition. However, inasmuch as petitioner was in custody at the time he filed the petition, the jurisdiction of this Court attached at that time. <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968). Missouri Attorney General Jeremiah "Jay" Nixon should be substituted for Gene Stubblefield as proper party respondent, however, inasmuch as petitioner has been released from confinement but nevertheless challenges the validity of the underlying judgment of conviction. <u>See</u> Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Notes, 1976 Adoption, Subdivision (b).

In the instant petition, petitioner raises seven claims for relief:

(1) That the trial judge failed to inform him of his right to appeal and denied him his right to appeal as a poor person;

(2) That his conviction constitutes a denial of access to a court building;

(3) That petitioner was denied his right to counsel because the trial court failed to appoint counsel to represent him;

(4) That the trial court erred in denying to submit petitioner's proposed instruction to the jury;

(5) That petitioner was denied his right to appeal;

(6) That the trial court erred in failing to have the jury assess punishment, but rather assessed punishment itself; and

(7) That the Missouri courts are acting with prejudice against petitioner in that they have failed to act in accordance with Missouri law in addressing petitioner's petitions for writ of habeas corpus under Missouri Supreme Court Rule 91.

In response, respondent contends the petition should be denied in its entirety, arguing 1) that the claims are unexhausted; 2) that the petition fails to allege sufficient facts upon which to find that petitioner is entitled to relief; 3) that the petition fails to challenge petitioner's present confinement; 4) that the basis upon which petitioner is serving his sentence was lawfully obtained; and 5) that the petition would become moot upon petitioner's release in March 2005.

### I. Non-cognizable Claim

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. <u>Williams-Bey v. Trickey</u>, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for habeas corpus. <u>Carter v. Armontrout</u>, 929 F.2d 1294, 1296 (8th Cir. 1991).

In Ground 7 of the instant petition, petitioner claims that the Missouri habeas court(s) have failed to follow the mandatory language of Missouri Supreme Court Rule 91 by failing to order the respondent to show cause and by failing to set conditions for petitioner's release on bail. (Petn. at 6.) Because petitioner challenges only the Missouri courts' application of Missouri state law, his claim is not cognizable in this federal habeas proceeding. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)

(federal habeas corpus relief does not lie for errors of state law); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997) ("It is not the office of a federal habeas court to determine that a state court made a mistake of state law.").

Therefore, the claim raised in Ground 7 of the instant petition is not cognizable in this federal habeas proceeding and should be denied.

## II. Cognizable Claims

Petitioner's remaining claims appear to state claims that he is in custody in violation of his constitutional rights. Such claims are cognizable and thus may be addressed by this Court.

A. Exhaustion Analysis

It is well settled that a petitioner must exhaust his state law remedies before the federal court may grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the

claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur in the absence of such review. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005).

Respondent argues in a cursory manner that the instant petition is unexhausted and should therefore be dismissed. Respondent fails to identify, however, which claims he considers to be unexhausted. Nor does respondent identify to the Court the non-futile avenues presently available by which petitioner could pursue his various claims in state court. Indeed, a review of the claims raised in the instant petition, coupled with a review of the exhibits submitted by petitioner, shows, at a minimum, that petitioner's claims of trial court error are exhausted inasmuch as petitioner was denied leave to file a late notice of appeal and there exist no other non-futile state remedies by which he could present these claims to the state court. See Ham v. State, 7 S.W.3d 433, 440 (Mo. Ct. App. 1999) (in Missouri, claims of trial error must be raised on direct appeal); Stallings v. State, 784

S.W.2d 862, 863 (Mo. Ct. App. 1990) (failure to raise constitutional claims of trial error on direct appeal precludes review of such claims in any further state court proceeding).

To the extent the instant petition may include unexhausted claims, however, the Court determines in its discretion to address the merits of such claims. 28 U.S.C. § 2254(b)(2); cf. Rhines, 125 S. Ct. at 1535 (citing district court's ability under AEDPA to address unexhausted claims, Court opined that district court would abuse discretion to grant a stay on a mixed petition when a petitioner's claims are "plainly meritless") (citing 28 U.S.C. § 2254(b)(2)). Likewise, to the extent petitioner's claims of trial court error may be subject to procedural default, the undersigned notes that the respondent failed to raise this defense in response to the instant petition. See Trest v. Cain, 522 U.S. 87, 89 (2001) (procedural default is an affirmative defense that should be raised by the State). Although the Court is aware of its discretion to raise and address the issue of procedural default sua sponte, see King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001), it nevertheless determines to proceed to address petitioner's claims on their merits. See Evans v. Lock, 193 F.3d 1000, 1002-03 (8th Cir. 1999).

B.  Merits of Petitioner's Claims

  1. *Grounds 1 and 5*

In Grounds 1 and 5 of the instant petition, petitioner claims that the trial judge failed to inform him of his right to

appeal and denied him his right to appeal as a poor person, and that, therefore, he was denied his right to an appeal. Petitioner argues no other basis upon which to claim that he was denied his right to an appeal. A review of the record belies petitioner's contentions.

Petitioner was sentenced in this cause on September 27, 2004. During the sentencing proceeding, the court informed petitioner that previous motions filed by petitioner relating to appellate proceedings were denied inasmuch as petitioner had not yet been sentenced and, as such, were premature. (Certified Copy of Complete Court File, Cause No. 039-05502, filed Jan. 24, 2005; Sent. Tr. at 2.) Immediately upon the imposition of sentence, petitioner requested that he be permitted to surrender at a later date so that he may perfect his appeal, which was denied. (Id. at 11-12.) Petitioner further requested that he be permitted to proceed on appeal in forma pauperis, to which the court responded that if petitioner were to choose to pursue an appeal, the court would address the matter at that time. (Id. at 12.) Thereafter, on October 4, 2004, petitioner submitted to the Circuit Clerk's Office a Notice of Appeal as well as a Motion to Proceed In Forma Pauperis and for Counsel on Appeal. The trial court granted petitioner's motion on October 27, 2004. (See Certified Copy of Complete Court File, Cause No. 039-05502, filed Jan. 24, 2005.)

Contrary to petitioner's assertion, the trial court granted petitioner leave to proceed on appeal in forma pauperis

and, further, engaged petitioner in colloquy subsequent to sentencing which informed petitioner of his right to an appeal. A review of petitioner's pro se submissions to the Circuit Clerk's Office relating to the appeal process, including his Notice of Appeal as well as his Motion to Proceed In Forma Pauperis and for Counsel on Appeal, demonstrates petitioner's knowledge and understanding of the appeal process. As such, on the claims raised by petitioner, it cannot be said that petitioner was denied his right to appeal on account of the trial court's failure to inform him of his right and failure to permit him to proceed on appeal as a poor person.

The claims raised in Grounds 1 and 5 of the instant petition are without merit and should be denied.

2. *Ground 2*

In the underlying criminal cause of action, petitioner was charged with and convicted of Trespass First Degree. Under Mo. Rev. Stat. § 569.140, a person commits Trespass First Degree

> if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property.
>
> [] A person does not commit the crime of trespass in the first degree by entering or remaining upon real property unless the real property is fenced or otherwise enclosed in a manner designed to exclude intruders or as to which notice against trespass is given by:
>
> (1) Actual communication to the actor; or
>
> (2) Posting in a manner reasonably

> likely to come to the attention of intruders.

Under Mo. Rev. Stat. § 8.170, public buildings are protected from such criminal trespass.

Pursuant to a written order entered October 20, 2003, by the Circuit Court of the City of St. Louis, Missouri,

> George Poole . . . is not to be admitted to or found loitering near the Carnahan Courthouse (the Sheriff's Dep't is to order him away) 1114 Market unless Mr. Poole has a court date to appear personally on his own behalf. Mr. Poole has 20 felony convictions [and] is currently on parole for Invol[untary] Manslaughter [and] 14 [counts] of [Stealing by Deceit] – some of which occurred in the Municipal Courthouse.

(Petn., Exh. A.)

It was the violation of this order which formed the basis of petitioner's underlying charge and conviction of Trespass First Degree.

In Ground 2 of the instant petition, petitioner refers to this order and claims that his conviction arises out of an unlawful denial of his Fourteenth Amendment right to access a state court building. A review of the order, however, shows petitioner not to have been barred from entering the courthouse for purposes of personal court proceedings for which he was to appear. Nor does the order bar petitioner from preparing a petition or complaint, or otherwise prohibit petitioner from seeking redress from the court. In such circumstances, it cannot be said that petitioner was denied

his Fourteenth Amendment right to access the courts. See Wolff v. McDonnell, 418 U.S. 539 (1974). The undersigned is unaware of any authority, and petitioner cites to none, establishing that an individual's due process right to access the courts hinges upon his ability to be physically present in the courthouse for non-court proceedings. Petitioner's second claim for relief should be denied.

3. *Ground 3*

In his third ground for relief, petitioner claims that he was denied his right to counsel inasmuch as the court failed to appoint counsel to represent him. The record shows petitioner's claim to be without merit.

On May 6, 2004, the trial court granted petitioner's request for the appointment of "standby" counsel and appointed the office of the public defender to assist petitioner in the cause. (Petn., Exhs. C, D.) The public defender thereafter sought to vacate the court's order, arguing that the court lacked jurisdiction to make such an appointment. (See Certified Copy of Complete Court File, Cause No. 039-05502, filed Jan. 24, 2005.) On June 17, 2004, the court vacated its previous order appointing the public defender. (Id.)

On July 22, 2004, the court held a hearing on the matter of petitioner's representation in the case, at which time petitioner announced to the court that he wished to represent himself. The court thereafter advised petitioner of the

consequences of proceeding without counsel:

> In these cases, I have to make certain that you do know, Mr. Poole . . . the perils and pitfalls of representing yourself where a judge or jury can impose some jail time. It's very important the defendant is aware of that, that you do have a right to an attorney in this case. I gave you that opportunity to interview with the Public Defender's Office and you chose not to. And you need to be aware that if this Court or a jury should find you guilty, there is a possibility that the sentence may be jail time. Further as a pro se defendant, the Court is not required to offer any legal services to you other than to generally help you through this case as the Court would for any litigant. The Court is not required to give you any specific assistance throughout this trial. From start to finish, you will be expected to follow the rules of law and the rules of evidence as any other attorney does in this case. That involves not only selecting a jury, but going through examination of witnesses, cross-examination of witnesses, any other type of evidence.

(Certified Copy of Complete Court File, Cause No. 039-05502, filed Jan. 24, 2005; Pretrial Hrg. Tr. at 5-6.)

Petitioner stated that he understood, upon which the court permitted petitioner to proceed pro se. (Id.)

On September 1, 2004, petitioner executed a Waiver of Counsel in which he acknowledged the charge made against him and the range of punishment on such charge; his right to trial by jury; the consequences of being found guilty of such charge, including a possible sentence of confinement; and his right to request appointed counsel. Petitioner declared, "I understand the foregoing and my constitutional rights and I hereby state that I do

- 11 -

not wish to be represented by an attorney." (Petn., Exh. E.) Trial thereafter proceeded, upon which the jury returned a guilty verdict against petitioner on the charged offense. On September 27, 2004, petitioner was sentenced to six months' imprisonment.

A defendant facing incarceration has a Sixth Amendment right to counsel at all critical stages of the criminal process, including trial. Iowa v. Tovar, 541 U.S. 77, 80-81, 87 (2004). An accused may choose to forgo representation, however; but any waiver of the right to counsel must be knowing, voluntary and intelligent. Id. at 87-88; Johnson v. Zerbst, 304 U.S. 458, 464 (1938). A waiver of counsel is intelligent "when the defendant 'knows what he is doing and his choice is made with eyes open.'" Tovar, 541 U.S. at 88 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)). A defendant may be allowed to proceed pro se at trial upon being "warned specifically of the hazards ahead." Id. at 88-89.

A review of the record here shows the trial court to have thoroughly and specifically warned petitioner of, in the court's terms, "the perils and pitfalls" of representing himself in the criminal cause of action. The petitioner's acknowledgment to the court of his understanding of such hazards, coupled with his written waiver which set out the nature of the charge and the consequences of being found guilty thereof, demonstrates petitioner's waiver of counsel to have been intelligently made. This is especially true where, as here, such acknowledgment and

waiver came after petitioner previously had invoked his right to counsel, which demonstrates his knowledge of the usefulness of counsel's representation. See, e.g., United States v. Smith, 171 F.3d 617, 622-23 (8th Cir. 1999).

A criminal defendant has an absolute right under the Sixth Amendment to be represented by counsel or to represent himself, if he so chooses. Faretta v. California, 422 U.S. 806, 807 (1975). The petitioner here made a knowing, voluntary and intelligent waiver of counsel and chose to represent himself after being specifically advised of the hazards of so doing. Upon this record and in light of petitioner's valid waiver, it cannot be said that the court did anything to deprive petitioner of his right to counsel. Instead, the court permitted petitioner to exercise his constitutional right to represent himself. As such, petitioner's claim that he was denied his right to counsel on account of the court's failure to appoint counsel is without merit and should be denied.

4. *Ground 4*

In his fourth claim for relief, petitioner claims that the trial court denied him due process when it refused to give the following jury instruction as proffered by petitioner:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on October 27, 2003 in the City of St. Louis, State of Missouri, the defendant knowingly <u>entered a public building</u> by our

>     Missouri Constitution, Art. I, 14 Open Courts
>     and in general the right guaranteed by this
>     section are [sic] fundamental.
>
>     Second, the defendant did not cause any
>     disturbance, or in the past from entering the
>     Court House at 1114 Market.

(Petn., Exh. G.) (Emphasis in original.)

The trial court refused to tender this instruction, stating,

> [I]t is not a correct instruction. Missouri
> has mandatory instructions that are in form
> that have to be presented in every criminal
> case. We cannot deviate from those
> instructions. . . . You are not allowed to
> make up instructions or create instructions.
> The instructions are approved, by the Missouri
> Supreme Court, that must be used in cases.
> What you have created there is not a mandatory
> instruction so I cannot allow you to give that
> or present that.

(Certified Copy of Complete Court File, Cause No. 039-05502, filed Jan. 24, 2005, Trial Tr. at 113.)

The court proceeded to instruct the jury in accordance with Missouri Approved Instruction-Criminal 323.58, as submitted by the State.

The court determined not to give petitioner's proposed jury instruction inasmuch as it failed to conform with Missouri law. To the extent petitioner challenges the trial court's application of Missouri law to the proposed instruction, such claim is not cognizable in a federal habeas proceeding. Estelle, 502 U.S. at 67, 71-72. Petitioner may establish a due process violation in the failure to give this instruction, however, if he

- 14 -

can show that a federal constitutional right was not adequately protected by the instructions actually given to the jury. Frey v. Leapley, 931 F.2d 1253, 1254 (8th Cir. 1991). Petitioner has failed to do so here.

"In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." Middleton v. McNeil, 541 U.S. 433, 437 (2004) (citing Sandstrom v. Montana, 442 U.S. 510, 520-21 (1979)). The instruction given by the court here set out the elements of the offense of Trespass First Degree as determined by Missouri law and required the jury to convict only upon finding beyond a reasonable doubt that petitioner committed each element of the offense. (Petn., Exh. F.) It cannot be said that petitioner's trial was rendered fundamentally unfair by the giving of such an instruction rather than a proposed instruction which the court determined failed to comply with relevant law. See Estelle, 502 U.S. at 72 (for due process violation, error must have infected entire trial); Frey, 931 F.2d at 1255. Petitioner's claim of instructional error in Ground 4 of the instant petition should therefore be denied.

5. *Ground 6*

In Ground 6 of the instant petition, petitioner claims that his Eighth Amendment and Sixth Amendment rights were violated in that the assessment of punishment was rendered by the trial court and not the jury. On September 1, 2004, petitioner was found

guilty by a jury of Trespass First Degree, a Class B Misdemeanor. The maximum sentence permissible under Missouri state law for such an offense is six months' imprisonment. Mo. Rev. Stat. § 558.011.1(6). On September 27, 2004, the trial court assessed punishment against petitioner and sentenced him to six months' imprisonment. Because this sentence did not exceed the statutory maximum, the assessment of such punishment by the court on the verdict as returned by the jury was not in violation of the Constitution. See Blakely v. Washington, 542 U.S. 296 (2004).

The claim raised in Ground 6 of the instant petition is without merit and therefore should be denied.

C. Conclusion

For all the foregoing reasons, the undersigned concludes that federal habeas relief is not available to petitioner on the claims raised in the instant petition. Given the disposition of petitioner's cognizable claims on their merits, a determination as to whether, in the circumstances of this case, the expiration of petitioner's sentence renders the claims moot is not warranted.[1]

---

[1] A properly filed petition for writ of habeas corpus challenging the legality of the underlying conviction does not necessarily become moot upon the petitioner's release from imprisonment and/or the expiration of his sentence. Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995) (citing Carafas v. LaVallee, 391 U.S. 234, 239-40 (1968); Sibron v. New York, 392 U.S. 40, 57 (1968)). "If a petitioner, though released from custody, faces sufficient repercussions from his allegedly unlawful punishment, the case is not moot." Id. Indeed, collateral consequences are presumed to stem from a criminal conviction even after release. Id.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Missouri Attorney General Jeremiah "Jay" Nixon is substituted for Gene Stubblefield as proper party respondent.

**IT IS FURTHER ORDERED** that petitioner George Poole's petition for writ of habeas corpus (Docket No. 1) is dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

**IT IS FURTHER ORDERED** that all motions which remain pending in this cause are denied as moot.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _11th_ day of August, 2005.